**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Peggy A. Davis**                                                    **Case Number:**
**c/o Andrew J. Zeigler**
**KENNEL ZEIGLER LLC**
**1340 Woodman Drive**
**Dayton, Ohio  45432**

                                                                                **Judge**

                **Plaintiff,**

        **vs.**

**Select Portfolio Servicing, Inc.**                    **JURY DEMAND ENDORSED HEREON**
**3217 Decker Lake Drive**
**West Valley City, UT 84119**

                **Defendant.**

_____

**COMPLAINT**

_____

NOW COMES the Plaintiff, Peggy A. Davis ("Plaintiff"), and for her complaint against Select Portfolio Servicing, Inc. ("Defendant") alleges as follows:

**<u>INTRODUCTION</u>**

1. This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law No. 111-203, 124 Stat. 1376 (2010) ("DFA") and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau ("CFPB"). This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), and the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA").

2. This action is filed to enforce the Regulations published in 12 CFR §§ 1024 and 1026

including, as applicable, amendments that became effective on January 10, 2014. Specifically, 12 CFR §§ 1024.21, 1024.35, 1024.36, 1026.20, and 1026.41.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court pursuant to RESPA, 12 U.S.C. § 2614, TILA, 15 U.S.C. § 1640(e), and generally pursuant to 28 U.S.C. § 1331.

4. Personal jurisdiction over Defendant is proper pursuant to Fed. R. Civ. P. 4(k).

5. Venue is proper before this court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff reiterates and incorporates all allegations and statement set forth in the preceding paragraphs.

7. Plaintiff, Peggy Davis is a natural person, and is the owner of the real estate located at 1021 Richmond Ave., Dayton, Ohio 45405 (the "real estate").

8. Plaintiff is the borrower with an obligation to repay on a note (the "Note") and mortgage (the "Mortgage") that secures the Note against the real estate (collectively referred to as the "Loan").

9. Plaintiff was and is at all times pertinent to the allegations made herein a person, natural person, and consumer within the meaning of RESPA, 12 U.S.C. § 2602(5) and TILA 15 U.S.C. § 1602(i).

10. Defendant Select Portfolio Servicing, Inc. ("SPS") is a corporation organized under Utah law, with a principal place of business located at 3217 Decker Lake Drive, West Valley City, UT 84119.

11. Defendant SPS does business in Ohio and is duly registered with the Secretary of State as a foreign corporation.

12. Defendant SPS was and is a person within the meaning of RESPA, 12 U.S.C. § 2602(5)at all times relevant to the allegations set forth herein.

13. Upon information and belief Defendant SPS is a mortgage loan servicer pursuant to RESPA, 12 U.S.C. § 2602(5) and TILA 15 U.S.C. § 1602(cc)(7).

14. The Loan is a "federally related mortgage loan" as such term is defined by RESPA 12 U.S.C. § 2602(1) and through 12 C.F.R. § 1024.2(b)

## FACTS

15. Plaintiff restates and incorporates herein all of the statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

16. Plaintiff is the owner of the real estate located at 1021 Richmond Ave., Dayton, Ohio 45405 (the "real estate").

17. SPS is the servicer of the mortgage loan on the real estate.

18. Plaintiff has been trying to obtain information about the loan from SPS since at least 2012.

19. Plaintiff contacted counsel on or about September of 2018 in an attempt to obtain information about the loan from SPS.

20. SPS's website provides that any notice of error or request for information must be sent to SPS at P.O. Box 65277, Salt Lake City, UT 84165-2077 (the "Address"). https://www.spservicing.com/StaticDetails/ContactUs

21. On September 20, 2018, Plaintiff, through counsel, forwarded a request for information (the "request for information") to SPS at the address via Certified U.S. Mail [Return Receipt No. 7009 1680 0002 3829 9594]. A copy of the request for information is attached hereto as Exhibit 1.

22. SPS received the request for information on September 27, 2018. A copy of the Tracking

information for the request for information, obtained from the website for the United States Postal Service (USPS) (www.usps.com), is attached as Exhibit 2.

23. As of March 27, 2019, SPS has not responded to the request for information.

24. Plaintiff suffered and continues to suffer harm in the measure of measurable economic damages and emotional distress instigated and/or exacerbated by SPS's inexplicable ongoing failure to perform its servicing obligations under the Loan and applicable law.

25. Plaintiff has suffered economic harm as a result of SPS's actions and failures as measured by additional interest and late fees that have accrued on the loan since SPS took over servicing duties.

26. Plaintiff has suffered economic harm in the thousands of dollars in attorneys fees and costs, including costs for certified mailing seeking the information through requests for information due to the lack of information provided by SPS and SPS's failure to properly acknowledge and respond to requests for information.

27. Plaintiff has suffered emotional distress in the form of continued and exacerbated mental anguish, nervousness, sleeplessness, and anxiety.

28. Plaintiff has potentially suffered damages in the form of costs and fees from counsel for the purported owner of the note that may be charged to the Loan balance.

29. Plaintiff has suffered damages in the form of lost opportunity to potentially sell the Property for a profit because she did not have any information as to the actual balance of the loan or what resources were available to her to find out her options.

**FIRST CLAIM FOR RELIEF: VIOLATION OF 12 C.F.R. § 1024.36(c)—Failure to**

**send written acknowledgment of a servicer's receipt of a request for information issued**

**pursuant to 12 C.F.R. § 1024.36.**

30. Plaintiff restates and incorporates herein all of the statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

31. 12 C.F.R. § 1024.36(c) provides that "[w]ithin five days (excluding legal public holidays, Saturdays, and Sundays) of a servicer receiving an information request from a borrower, the servicer shall provide to the borrower a written response acknowledging receipt of the information request."

32. 12 C.F.R. § 1024.36(a) provides, in relevant part, that a request for information may consist of "any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan."

33. On or about September 20, 2018, Plaintiff sent a Request for Information to SPS at the Address via Certified U.S. Mail [Return Receipt No. 7009 1680 0002 3829 9594]. See Exhibit 1.

34. Said Request for Information constituted a request for information pursuant to 12 C.F.R. § 1024.36. See Exhibit 1.

35. SPS received said request for information on September 27, 2018. See Exhibit 2.

36. Pursuant to 12 C.F.R. § 1024.36(c), SPS was required to provide a written response to Plaintiff acknowledging receipt of the Request for Information on or before October 4, 2018.

37. Plaintiff did not receive any written response from SPS acknowledging receipt of the

request for information on or before October 4, 2018.

38. SPS did not provide a written response to Plaintiff acknowledging receipt of the request for information on or before October 4, 2018.

39. SPS's actions in failing to provide a written response to Plaintiff acknowledging receipt of the request for information on or before October 4, 2018, constitutes a willful violation of 12 C.F.R. § 1024.36(c).

40. SPS's actions and failures, together with the failures and actions noted herein, constitute a pattern and practice of behavior in conscious disregard for plaintiff's rights under RESPA.

41. As a result of SPS's actions, SPS is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

**SECOND CLAIM FOR RELIEF: VIOLATION OF 12 C.F.R. § 1024.36(d)—Failure to respond to a request for information issued pursuant to 12 C.F.R. § 1024.36**

42. Plaintiff restates and incorporates herein all of the statements and allegations contained in the preceding paragraphs in their entirety, as if fully rewritten.

43. 12 C.F.R. § 1024.36(d)(1) provides, in relevant part, that:

> [A] servicer must respond to an information request by either:
>
> (i) Providing the borrower with the requested information and contact information, including a telephone number, for further assistance in writing; or
>
> (ii) Conducting a reasonable search for the requested information and providing the borrower with a written        notification that states that the servicer has determined that the requested information is not available to the servicer, provides the basis for the servicer's determination, and provides contact information, including a telephone number, for further assistance

44. Furthermore, 12 C.F.R. § 1024.36(d)(2)(i) provides that:

> A servicer must comply with the requirements of paragraph (d)(1) of this section:
>
> > (A) Not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan; and
> >
> > (B) For all other requests for information, not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives the information request.

45. 12 C.F.R. § 1024.36(d)(2)(i) provides that "[a] servicer may not extend the time period for requests for information governed by paragraph (d)(2)(i)(A) of this section.

46. 12 C.F.R. § 1024.36(a) provides, in relevant part, that a request for information may consist of "any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan."

47. Comment 1 of the Official Interpretations of the CFPB to 12 C.F.R. § 1024.36(a) provides that "[a]n information request is submitted by a borrower if the information request is submitted by an agent of the borrower."

48. On or about September 20, 2018, Plaintiff, through counsel, sent the request for information to SPS at the Address via Certified U.S. Mail [Return Receipt No. 7009 1680 0002 3829 9594]. See Exhibit 1.

49. The request for information constituted a request for information pursuant to 12 C.F.R. § 1024.36. See Exhibit 1.

50. The request for information constituted a request for information pursuant to 12 C.F.R. § 1024.36(d)(2)(i)(A) as the request for information requested information as to "the

identity of, and address or other relevant contact information for, the owner or assignee of a mortgage loan." See Exhibit 1.

51. SPS received the request for information on September 27, 2018. See Exhibit 2.

52. Pursuant to 12 C.F.R. § 1024.36(c), SPS was required to provide written correspondence to Plaintiff responding to the request for information in compliance with the requirements of 12 C.F.R. § 1024.36(d)(1) on or before November 5, 2018.

53. Plaintiff did not receive any written correspondence from SPS responding to the request for information in compliance with the requirements of 12 C.F.R. § 1024.36(d)(1) on or before November 5, 2018.

54. SPS did not provide any written correspondence to Plaintiff responding to the request for information in compliance with the requirements of 12 C.F.R. § 1024.36(d)(1) on or before November 5, 2018.

55. SPS's actions in failing to provide written correspondence to Plaintiff in compliance with the requirements of 12 C.F.R. § 1024.36(d)(1) on or before November 5, 2018, constitute a willful violation of 12 C.F.R. § 1024.36(c).

56. SPS's actions and failures, together with the failures and actions noted herein, constitute a pattern and practice of behavior in conscious disregard for plaintiff's rights under RESPA. As a result of SPS's actions, SPS is liable to Plaintiff for actual damages, statutory damages, costs, and attorneys' fees.

**WHEREFORE**, having set forth various causes of action against defendants, the Plaintiff prays for the following relief:

1.      Award Actual Damages;

2.      Award Punitive Damages;

3.      Award Costs and reasonable attorneys fees;

4.      Award any further relief this Court deems just.


PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL TRIABLE ISSUES IN THIS CASE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Respectfully Submitted,

/s/Andrew J. Zeigler
Andrew J. Zeigler, #0081417
Kennel Zeigler LLC
1340 Woodman Drive
Dayton, Ohio 45432
(937) 252-2030
FAX: (937) 252-9425
andrew@kzlawohio.com
*Attorney for Plaintiff, Peggy Davis*

# Kennel Zeigler LLC

Andrew J. Zeigler          1340 Woodman Drive, Dayton , Ohio 45432       P: 937-252-2030
John F. Kennel                      www.kzlawohio.com                               F: 937-252-9425

September 20, 2018

Select Portfolio Servicing, Inc
P.O. Box 65277                              **Certified Mail Tracking #: 7009 1680 0002 3829 9594**
Salt Lake City, UT 84165-0277

> *RE:*  *Client: Peggy A. Davis*
> *Account Number: 8092031387*
> *Property: 1021 Richmond Ave., Dayton, Ohio 45405*

Dear Customer Service/Research Department Representative:

Please treat this letter as a "qualified written request" and "information request" under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and Truth in Lending Act ("TILA") , 15 U.S.C. §§1641(f)(2) and (g), as implemented by Dodd-Frank Consumer Protections Act regulations, 12 CFR Sections 1024 et. seq. I am requesting the following information:

1. The entire payment history, including a breakdown showing all fees charged on this account, and payments of principal, interest and escrow made on this account by the borrower.

2. Name and address of holder/owner/assignee, address and contact information of owner/holder/assignee, trustee of securitized trust if applicable, date of transfer to holder/owner/assignee, copy of the note and any mortgage.

Please be sure to include explanatory indexes and tables for codes and abbreviations if reports provided contain codes or abbreviations to reference transactions. If we do not have a notice of your intent to respond in five (5) days and a response with the requested information within thirty(30) days of the date of receipt of this request our client will pursue claims as authorized under the referenced RESPA and TILA provisions and the implementing regulations of 12 CFR Section 1024 et. seq.

Thank you for taking the time to acknowledge and answer this request. I have included an authorization from the borrower to provide the requested information to me.

Sincerely,

Andrew J. Zeigler

Encl:   Release of Information

**PLAINTIFF'S EXHIBIT**
1

# KENNEL ZEIGLER LLC
### 1340 Woodman Drive
### Dayton, Ohio 45432
### (937) 252-2030

## RELEASE OF INFORMATION

I, Peggy A Davis, hereby authorize the exchange of information pertaining to me from the following individuals and or entities checked below to Kennel Zeigler LLC

_____ State of Ohio Agency -

__X__ Mortgage Lender/Broker/Title Agent/Appraiser –

_____ Social Security Administration

__X__ Financial Institutions/Loan companies

_____ Utility Company

_____ Attorney Office

_____ Medical Records with Physician/Hospital

_____ Educational Facility/Student Loan Agency

_____ Other:

_____
Peggy A. Davis

_____

9-20-18
Date

_____
Andrew J. Zeigler
Attorney at Law
Kennel Zeigler LLC

# USPS Tracking®

FAQs ❯ (https://www.usps.com/faqs/uspstracking-faqs.htm)

## Track Another Package +

**Tracking Number:** 70091680000238299594                Remove ✕

**Expected Delivery on**

# THURSDAY

# 27  SEPTEMBER 2018 ⓘ    See Product Information ⌄

### ☑ Delivered

September 27, 2018 at 10:01 am
Delivered
SALT LAKE CITY, UT 84115

Get Updates ⌄

| | |
|---|---|
| Text & Email Updates | ⌄ |
| Tracking History | ⌄ |
| Product Information | ⌄ |

Feedback

See Less ⌃



# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.